# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CRAIG DEVON MURPHY, | ) | |
| | ) | |
| Appellant, | ) | Case No. 16-1082 |
| | ) | |
| v. | ) | Judge Cathy Bissoon |
| | ) | |
| U.S. DEPARTMENT OF EDUCATION, | ) | |
| | ) | |
| Appellee. | ) | |

## **MEMORANDUM ORDER**

### I. MEMORANDUM

Pending before the Court is Appellee United States Department of Education ("Appellee")'s Motion to Dismiss Appeal (**Doc. 3**). For the reasons that follow, Appellee's Motion to Dismiss (**Doc. 3**) will be GRANTED.

**A. Background:**

On May 22, 2014, Appellant Craig Devon Murphy ("Appellant") filed for protection under Chapter 7 of the United States Bankruptcy Code (the "Code") at Bankruptcy Case Number 14-22073-CMB (the "Bankruptcy Case") in the United States Bankruptcy Court for the Western District of Pennsylvania. (Bankr. Doc. 1). Appellant commenced an adversary proceeding on July 15, 2014, at Adversary Proceeding Number 14-02155-CMB (the "Adversary Proceeding"), seeking to discharge approximately $149,041.00 in educational loan debt. (Adv. Doc. 1). On August 15, 2014, Appellee filed an answer to the complaint. (Adv. Doc. 15).

On March 31, 2015, Appellee filed a Motion for Summary Judgment, Brief in Support of Motion for Summary Judgment and Concise Statement of Material Facts. (Adv. Docs. 70, 71 and 72). On April 16, 2015, Appellant filed a Motion for Summary Judgment and Memorandum

1

in Support. (Adv. Doc. 79). On August 13, 2015, the Bankruptcy Court issued a Memorandum Opinion setting forth the factual background, the summary judgment standard, legal analysis, and its conclusion that Appellee's motion for summary judgment must be granted and Appellant's motion for summary judgment must be denied. (See Adv. Doc. 99). The Memorandum Opinion provided that "[a]n Order will be entered consistent with this Memorandum Opinion." (Id.). Accordingly, an Order was entered on August 13, 2015 ("August 13, 2015 Order") as follows:

> AND NOW, this 13th day of August, 2015, upon consideration of the United States' Motion for Summary Judgment ("United States' Motion") and Plaintiff's Motion for Summary Judgment and Memorandum in Support ("Plaintiff's Motion"), the responses, memoranda, exhibits, matters of record, the arguments presented at the hearing on July 28, 2015, and for the reasons expressed in the Memorandum Opinion entered on this date, it is hereby ORDERED, ADJUDGED, and DECREED that:
>
> 1. The Plaintiff's Motion is DENIED.
> 2. The United States' Motion is GRANTED.
> 3. Plaintiff's educational loan debt is not dischargeable.
> 4. This Order resolves the above-captioned adversary proceeding.

(Adv. Doc. 100).

On August 31, 2015, the Adversary Proceeding was closed, and Appellant's Bankruptcy Case was closed on September 23, 2015. (Adv. Doc. 103).

On January 19, 2016, over five months after the Bankruptcy Court issued its August 13, 2015 Order, Appellant filed a Motion to Reopen and attempted, for the first time, to appeal the August 13, 2015 Order. (Adv. Docs. 104 & 105). In his Motion to Reopen, Appellant relied upon Federal Rule of Bankruptcy Procedure 5010 to have the Bankruptcy Case reopened for the purpose of appealing the August 13, 2015 Order. Appellant also filed a Motion to Recuse Judge on February 19, 2016. (Adv. Doc. 120). On April 7, 2016, the Bankruptcy Court issued a Memorandum Opinion and Order denying both the Motion to Recuse and the Motion to Reopen.

(Adv. Docs. 132 & 133). Appellant did not appeal either Order. Instead, on April 18, 2016, Appellant filed a Motion to Alter or Amend Judgment. (Adv. Doc. 136). The Bankruptcy Court issued a Memorandum Opinion and Order on July 21, 2016, denying Appellant's Motion for Reconsideration, finding that there was no basis for reconsideration. (Adv. Docs. 146 and 147). The Bankruptcy Court stated that "[n]evertheless, the Clerk will transmit the Notice of Appeal." (Id.) Appellant filed the instant appeal on July 22, 2016.

B. **Analysis:**

28 U.S.C. § 158 provides the statutory basis for the Court's jurisdiction over bankruptcy appeals. An appeal pursuant to § 158 must be taken in the same manner as an appeal in civil proceedings and in the time provided by Rule 8002 of the Bankruptcy Rules. In re Caterbone, 640 F.3d 108, 111 (3d Cir. 2011) (citing 28 U.S.C. § 158(c)(2)). The Federal Rules of Bankruptcy Procedure provide that a party may "appeal from a final judgment, order, or decree of a bankruptcy judge to a district court . . . by filing a notice of appeal with the [bankruptcy court] clerk within the time allowed by Rule 8002." Fed. R. Bankr. P. 8001. Rule 8002 states that "[t]he notice of appeal shall be filed with the clerk within 14 days of the date of the entry of the judgment, order, or decree appealed from." Fed. R. Bankr. P. 8002(a).

In Caterbone, the Court of Appeals for the Third Circuit explained that, "[b]ecause section 158 also specifies the time within which an appeal must be taken - i.e., 'in the time provided by Rule 8002,' that requirement is jurisdictional." 640 F.3d at 111. Accordingly, a party's failure to file a notice of appeal from a bankruptcy order in accordance with the statute deprives the Court of jurisdiction to hear the appeal. Id.; Shareholders v. Sound Radio, Inc., 109 F.3d 873, 879 (3d Cir. 1997) ("The failure to file a timely notice of appeal [from Bankruptcy Court] creates a jurisdictional defect barring appellate review.").

In this case, there is no question that Appellant's Notice of Appeal was not timely filed. The Bankruptcy Court entered an order resolving the adversary proceeding on August 13, 2015. Thus, pursuant to Federal Rule of Bankruptcy Procedure 8002(a), Appellant was required to file an appeal on or before August 27, 2015. Nonetheless, Appellant did not file a Notice of Appeal until five months later, on January 19, 2016. In his response brief, Appellant does not dispute that his Notice of Appeal was filed five months after the Bankruptcy Court entered its order resolving the adversary proceeding. Appellant argues, however, that his failure to timely file a Notice of Appeal was excusable because the Bankruptcy Court's August 13, 2015 Order is not a final order of judgment, and thus did not start the appeal clock. The Court disagrees.

A "judgment" is defined in the context of the Federal Rules of Civil Procedure as any decree or order from which an appeal lies. Fed. R. Civ. P. 54(a). A judgment should not include "recitals of pleadings, a master's report, or a record of prior proceedings," Fed.R.Civ.P. 54(a), and "must be set out in a separate document . . . ," Fed. R. Civ. P. 58(a). Furthermore, a court—including the Bankruptcy Court—"may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." Fed.R.Civ.P. 54(b). "In bankruptcy cases, finality is construed more broadly than for other types of civil cases." In re Armstrong World Indus., Inc., 432 F.3d 507, 510 (3d Cir. 2005) (citing In re Marvel Entm't Group, Inc., 140 F.3d 463, 470 (3d Cir. 1998)). For instance, it is well established that "[a] bankruptcy court order ending a separate adversary proceeding is appealable as a final order even though that order does not conclude the entire bankruptcy case." In re Prof'l Ins. Mgmt., 285 F.3d 268, 281 (3d Cir. 2002).

Appellant makes several arguments to support his claim that the August 13, 2015 Order is not a final, appealable order, none of which has merit. First, Appellant argues that the August

4

13, 2015 Order does not comply with Federal Rule of Civil Procedure 54(a) because it contains "recitals of pleadings" and a "record of prior proceeding." (See Doc. 7 at 3-4). Indeed, the Court of Appeals for the Third Circuit has held that a final judgment cannot recite at length the procedural history of a case. In re Cendant Corp. Securities Litigation, 454 F.3d 235, 243 (3d Cir. 2006) ("A lengthy overview of background information, while not setting out the basis for a decision as much as does legal reasoning, nevertheless partakes more of a judicial opinion or memorandum than it does of a judgment."). Here, however, the August 13, 2015 Order does not contain a lengthy recitation of the pleadings and proceedings in this case; rather, it cites only to the pending cross motions for summary judgment as well as to the hearing on those motions. Courts have held that orders containing similar language are both final and appealable. See Cendant, 454 F.3d at 244 (citing United States v. Schimmels, 85 F.3d 416, 422 (9th Cir.1996), where the court held that an order denying a motion for reconsideration was appealable where "[t]he order contains [] a one-sentence recitation of the procedure, documents, and arguments considered by the court in denying the motion."); see also Kidd v. District of Columbia, 206 F.3d 35, 38 (D.C. Cir. 2000) (finding that district court's order affirming magistrate's dismissal qualified as a judgment because *"[a]part from a reference to the motions being decided*, and one conclusory sentence of justification, it consists simply of ordering clauses") (emphasis added).

Second, Appellant argues that the August 13, 2015 Order is not a final, appealable order because it "did not determine the amount of the liabilities owed to the Appellee." (See Doc. 7 at 3). That is incorrect. The August 13, 2015 Order specifically states that the full amount of Appellant's educational loan debt is non-dischargeable.

Third, Appellant argues that the August 13, 2015 Order is not final because the order, among other things, denied his Motion for Summary Judgment. (Doc. 7 at 3). Appellant is

5

correct that, had the August 13, 2015 Order merely denied his summary judgment motion, it would not have constituted a final judgment. However, the August 13, 2015 Order both denied Appellant's summary judgment motion and granted Appellee's summary judgment motion. By granting Appellee's summary judgment motion, the Bankruptcy Court fully resolved all outstanding issues in the adversary proceeding.

Fourth, Appellant claims that the August 13, 2015 Order is not final because it "failed to resolve all claims in the adversary proceeding in contravention to Fed. R. Civ. P. 54(a)(b)."[1] Specifically, Appellant cites to language in the Bankruptcy Court's August 13, 2015 Memorandum Opinion "that it would not address herein every single argument . . . made by Plaintiff" to argue that "memorandum opinion order violates Fed. R. Civ. P. 54(a)(b)." (Doc. 7 at 7 n.1). Appellant, however, seems to be confusing the requirement under Rule 54(b) that a final order resolve all *claims* at issue in a proceeding with his belief that the court must address all *arguments* raised in a party's briefing, even if those arguments are not dispositive or have no merit.[2] There is, in fact, no requirement that a court address each and every argument raised by a party in order for a judgment to be final and appealable.

Finally, Appellant claims that the August 13, 2015 Order was not appealable "because the lower court failed to omit or substantially omit the reasons for disposing of the action in its

---

[1] Appellant cites to Rule 54(a)(b) at several points in his briefing. There is no such subsection in the Federal Rules of Civil Procedure. The Court presumes that Appellant intends to refer to Rule 54(b), which is cited in the analysis herein.

[2] In the footnote cited by Appellant, the Bankruptcy Court merely noted that Appellant "dedicated a significant portion of his motion and oral argument emphasizing that the" test outlined in Brunner v. New York State Higher Educ. Servs. Corp., 831 F.2d 395 (2d Cir. 1987) "should not be applied" to determine whether his educational debt was dischargeable. (Adv. Doc. 99 at 8 n.9). The Bankruptcy Court explained that, because the Court of Appeals for the Third Circuit "continues to adhere to the test . . . it is bound to apply the Brunner test" and thus need not address Appellant's arguments to the contrary. Id.

6

order." Doc. 7 at 5 (citing Fed. R. Civ. P. 58). Once again, Appellant mischaracterizes the Bankruptcy Court's Order. The August 13, 2015 Order succinctly stated that Appellant's motion was denied, Appellee's motion was granted, the educational loan debt was not dischargeable and the order resolved the adversary proceeding. That Order was self-contained and separate from the Memorandum Opinion, it noted the relief granted and it omitted the reasoning for disposing of the claims. See United Auto. Workers Local 259 Social Sec. Dep't v. Metro Auto Center, 501 F.3d 283, 287 (3d Cir. 2007) (holding that "[a]n order is considered a separate document for purposes of Rule 58 if it satisfies three requirements: 'first, the order must be self-contained and separate from the opinion; second, the order must note the relief granted; and third, the order must omit (or at least substantially omit) the []Court's reasons for disposing of the parties' claims.'") (citation omitted).

In short, there is no basis to find that the August 13, 2015 Order was not a final, appealable order. Because Appellant failed to file his Notice of Appeal from that Order within the 14 days required under Federal Rule of Bankruptcy 8002(a), this Court lacks jurisdiction over this appeal.[3]

## II. ORDER

For the reasons stated above, Appellee's Motion to Dismiss the Appeal (**Doc. 3**) is GRANTED, and the instant appeal (**Doc. 1**) is hereby DISMISSED WITH PREJUDICE.

IT IS SO ORDERED.

---

[3] The Court notes also that, even if the August 13, 2015 Order were not a final, appealable judgment, Appellant should have timely appealed the Bankruptcy Court's April 7, 2016 Order denying his Motion to Reopen. (Adv. Docs. 132 & 133). It is well established that the denial of a motion to reopen is a final, appealable order, the entry of which starts the fourteen-day period. In re Smith, 189 F. App'x 88, 89 (3d Cir. 2006) ("Smith's appeal clock began to run on July 27, 2004, when the Bankruptcy Court denied Smith's motion to reopen.").

7

October 20, 2016                                              s/Cathy Bissoon
                                                              Cathy Bissoon
                                                              United States District Judge

cc (via ECF email notification):

All Counsel of Record


cc (via First-Class U.S. Mail):

CRAIG DEVON MURPHY
117 Friendship St.
Duquesne, PA 15110